UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Lisa Lynn Gravel,

Debtor

Chapter 7
Case No. 23-10158

### ORDER ON AMENDED APPLICATION TO WAIVE FILING FEE

The debtor, Lisa Lynn Gravel, is representing herself in this case under chapter 7 of the Bankruptcy Code, which she filed in August 2023. Due to insufficient information, the Court denied Ms. Gravel's original Application to Have the Chapter 7 Filing Fee Waived. Ms. Gravel has since filed an amended Application to Have the Chapter 7 Filing Fee Waived [Dkt. No. 13]. She included a letter in support of the amended application. In the letter, she outlines difficult personal and financial circumstances that she has been facing as a disabled combat veteran, as a disabled retiree, and while proceeding in a divorce. The Court is sympathetic to Ms. Gravel's circumstances but, as explained below, cannot waive the filing fee here. The Court will, however, permit Ms. Gravel to pay the fee in installment payments.

In bankruptcy cases under chapter 7, the law permits the Court to waive the $338.00 filing fee only in specific circumstances: the debtor 1) must have income that is less than 150 percent of the federal poverty guidelines and 2) must be unable to pay the filing fee in installments. *See* 28 U.S.C. § 1930(f)(1).

In her letter, Ms. Gravel states that, based on her years of federal service (military and civilian combined), she began receiving a monthly stipend of about $2,600.00 in May 2023, pending a final calculation of monthly disability retirement annuity payments. She also states that she has been receiving VA disability compensation since at least October 2021, based on a

1

100 percent total and permanent disability rating.   She reports receiving about $3,600.00 per month from that source.   Ms. Gravel did not list these or any other sources of income on her fee waiver application or on the bankruptcy form for describing monthly income (schedule I).[1]

Ms. Gravel also did not list a family size on her application, but she indicates that her household includes only herself and her significant other, with their expenses totaling $4,643.67 per month.   She reported the same total on the bankruptcy form for itemizing monthly expenses (schedule J).   In her letter, Ms. Gravel acknowledges that she receives over $6,000.00 per month in income but notes that she has been attempting to pay past due bills, legal fees for her divorce, and home repair costs.   She also reports needing to save additional funds because she has received inadequate grant funding to complete the process of modifying her home to accommodate her disabilities.   She states that she has "very little money left over each month once everyone is paid."

Although Ms. Gravel may face difficult choices in her monthly budget, her actual income is too high to meet the strict requirements for a fee waiver.   For a household of two, income at 150 percent of the federal poverty guidelines is $2,465.00 per month.   Ms. Gravel's $2,600.00 per month stipend alone exceeds that amount.   Thus, the Court cannot waive the filing fee.[2]

---

[1] Ms. Gravel does not explain in her letter or elsewhere why she did not list her actual income on her fee waiver application or schedule I.   Based on Judicial Conference policies and procedures for analyzing fee waiver applications, courts generally rely on a debtor's combined monthly income, less any non-cash government assistance, as reported on schedule I.   For the purpose of analyzing Ms. Gravel's fee waiver application, however, the Court has relied upon the income information disclosed in Ms. Gravel's letter but, in doing so, makes no determination about whether such information was properly excluded from Ms. Gravel's bankruptcy forms.

[2] Even if Ms. Gravel could support an argument that the Court should not consider either of her income sources for purposes of comparing her income to the federal poverty guidelines, the Court would still be unable to grant a fee waiver because Ms. Gravel is not unable to pay the fee in installments.

Further, because Ms. Gravel's actual income exceeds her household expenses by at least $1,300.00 per month, it appears that Ms. Gravel has sufficient income to pay the $338.00 filing fee in one payment. The Court, however, has taken Ms. Gravel's other circumstances into account and will permit her to pay the filing fee in installments.

Ms. Gravel's amended application to waive the filing fee is denied. A separate order establishing a fee payment schedule will be issued.

Dated: August 29, 2023

Michael A. Fagone
United States Bankruptcy Judge
District of Maine